UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA SAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:23-cv-15645 |
| | ) |
| EXTRA SPACE STORAGE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT EXTRA SPACE STORAGE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(6) and 9(b)**

Defendant Extra Space Storage, Inc. ("Extra Space") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and 9(b) for failure to plead claims sounding in fraud with requisite particularity.

**I.     INTRODUCTION[1]**

Following the dismissal of Plaintiff's Amended Complaint, on June 23, 2025, Plaintiff filed her Second Amended Complaint against Defendant Extra Space. (Doc. 93, hereinafter "2AC"). Plaintiff's Second Amended Complaint removed the allegations alleging consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), and instead, alleges common law fraud against Extra Space.

---

[1] The allegations of the Second Amended Complaint are taken as true solely for purposes of this motion. Defendant reserves all rights on these matters should this case proceed.

In Count I of her Second Amended Complaint, Plaintiff alleges that on November 2, 2023, an entity then known as Life Storage, recently acquired by Extra Space, conducted an auction to sell the contents of storage unit #423 at a Life Storage facility which contained her personal belongings. (2AC, Count I, ¶¶ 4, 8). She alleges that Life Storage advertised the auction as ending at 12:00 p.m. but that it ended at 11:59 a.m. (2AC, Count I, ¶ 4). She further alleges that she engaged an auction bidder to bid on her storage unit on her behalf, but that when her auction bidder was about to hit send on his computer, the auction closed 25 seconds early, preventing him from placing a bid on her behalf. (2AC, Count I, ¶¶ 5-7).

In Count II of her Amended Complaint, Plaintiff alleges that there was a winning bidder at the auction, and that a branch manager at the Life Storage facility would not cooperate to allow Plaintiff access to retrieve any personal possessions that were left behind by the winning bidder. (2AC, Count II, ¶¶ 9, 11). She further alleges that after Life Storage management received a copy of her initial Complaint, she was permitted access to recover any possession which were left behind by the winning bidder by the Life Storage regional manager. (2AC, Count II, ¶ 11). Plaintiff alleges that after she spoke to the Life Storage branch manager, "a representative from Extra Space was obligated" to contact the winning bidder and direct him to preserve and protect her personal belongings. (2AC, Count II, ¶ 13).

In Count III, Plaintiff "denounces common law fraud for the third time" and alleges "fraudulent misconduct" by a Life Storage branch manager. (AC, Count III, ¶ 14). Plaintiff alleges that in the summer of 2023, branch manager, Gladys Mar Sosa, "provided to the Plaintiff an auction date on August 24th (2023) which was fraud upon the Plaintiff, **since no auction was ever actually scheduled for that date**." (2AC, Count III, ¶ 14, emphasis original). Plaintiff alleges

2

that this "fraud" caused her to reach out to friends and family in an effort to get a loan and was a "ruse" "in an effort to instigate her payment." (2AC, Count III, ¶ 15).

*First*, Plaintiff's common law fraud claims must be dismissed as her Second Amended Complaint contains no allegation that Extra Space participated in any fraud, nor does it allege that Extra Space had any knowledge of any fraud.

*Second*, Plaintiff's common law fraud claims must be dismissed as each count in Plaintiff's Second Amended Complaint fails to allege the requisite elements of common law fraud under Illinois law.

*Finally*, Plaintiff's common law fraud claims must be dismissed as they fail to comply with Rule 9(b)'s heightened pleading requirements. Plaintiff has failed to allege the "who, what, when, where, and how" of the alleged fraud with particularity under Rule 9(b), which she is required to do (*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)). Merely stating that "Plaintiff complied with the heightened pleading standards" in the beginning of each count is not sufficient. (2AC, Counts I-III).

For these reasons, Plaintiff's Second Amended Complaint should be dismissed in its entirety. As this is Plaintiff's third attempt to state a cause of action, the Second Amended Complaint should be dismissed with prejudice.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

In ruling on a Rule 12(b)(6) motion to dismiss, a court is to draw all reasonable inferences in the plaintiff's favor, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of*

*Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff must include allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *see also, Appert,* 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) (internal quotations omitted).

### B. Federal Rule of Civil Procedure 9(b)

Rule 9(b) imposes a higher pleading standard than that required under Rule 8. *See Camasta,* 761 F.3d at 736-37. A plaintiff alleging claims sounding in fraud "must state with particularity the circumstances constituting [that] fraud." Fed. R. Civ. P. 9(b). The Seventh Circuit has held that Rule 9(b) "requires describing the 'who, what, when, where, and how' of the fraud." *Camasta*, at 737. "[T]he particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

### III. ARGUMENT

#### A. All of Plaintiff's Allegations are Against Life Storage; Therefore, Plaintiff's Common Law Fraud Claims Cannot Stand Against Extra Space.

Plaintiff alleges that Extra Space, as the parent company, should be held liable for the "fraudulent acts" of its subsidiary company, Life Storage. (2AC, Count III, ¶ 16). Plaintiff ignores the general principle of corporate law that "a parent corporation…is not liable for the acts of its

4

subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 55 (1998). "[A]bsent a compelling reason, a plaintiff is not normally entitled to treat multiple corporate defendants as one entity." *Jepson, Inc. v. Makita Corp*., 34 F.3d 1321, 1329 (7th Cir. 1994).

A defendant cannot be guilty of fraud as to a matter of existence of which it had no knowledge. *Cunningham v. Douherty*, 121 Ill. App. 395, 399 (3rd Dist. 1905). To be held liable for fraud, a defendant must have participated in the fraud or at least have had some knowledge of it. *Beaver v. Union Nat'l Bank & Trust Co*., 92 Ill. App. 3d 503, 506 (3rd Dist. 1980).

All of Plaintiff's allegations relate to alleged conduct by Life Storage, not Extra Space. Plaintiff fails to set forth any facts that establish knowledge on the part of Extra Space. Therefore, Plaintiff cannot maintain any cause of action for common law fraud against Extra Space, and her Second Amended Complaint should be dismissed with prejudice.

      **B.**     **Plaintiff Fails to Allege the Requisite Elements of Common Law Fraud Under Illinois Law and Fails to Plead with Particularity Under Rule 9(b).**

Notwithstanding the arguments raised above, in her Second Amended Complaint, Plaintiff fails to allege the requisite elements of common law fraud under Illinois law, and she fails to plead with particularity in compliance with Rule 9(b)'s heightened pleading requirements.

To properly plead a cause of action for fraud under Illinois law, Plaintiff must allege the following elements: (1) a false statement of material fact; (2) that the party making the statement knew or believed the statement to be untrue when it was made; (3) that the party to whom the statement was made had a right to rely on it and did so; (4) that the statement was made for the purpose of inducing the other party to act; and (5) that reliance by the person to whom the statement was made caused actual damages. *Redarowicz v. Ohlendorf*, 92 Ill. 2d 171 (1982); *Fifth Third Morg. Co. v. Kaufman*, 934 F.3d 585, 588 (7th Cir. 2019). Under Rule 9(b), Plaintiff is required "to state 'the identity of the person making the representation, the time, place, and content of the

misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff,'" the "'who, what, when and where' of the alleged fraud." *Karpowicz v. GMC*, 1997 U.S. Dist. LEXIS 7478 * 10 (N.D. Ill. 1997), quoting *Uni*Quality, Inc. v. Infotronix, Inc*., 974 F.2d 918, 923 (7th Cir. 1992).

In Count I of her Second Amended Complaint, Plaintiff alleges Life Storage advertised the auction of her storage unit as ending at noon on November 2, 2023 when it ended 25 seconds prior to noon. (2AC, Count I, ¶ 4). She completely fails to allege the "who, what, when, where, and how" with particularity as required by Rule 9(b). She does not allege when, where or the method by which Life Storage advertised the auction as ending at noon to her. She does not allege that Life Storage knew or believed the alleged advertised ending time of noon to be untrue when made. She does not allege that Life Storage advertised this information to *her* for the purpose of inducing *her* to act, nor can she make such allegation.

In Count II of her Second Amended Complaint, Plaintiff alleges no false statement of material fact at all, the first essential element of common law fraud. She alleges that Life Storage would not allow her access to recover any possessions left behind by the winning bidder until after it received her initial Complaint. (2AC, Count II, ¶ 11). As there is no allegation of any false statement of material fact, Count II must be dismissed.

In Count III of her Second Amended Complaint, Plaintiff alleges that "in summer of 2023," a Life Storage branch manager provided her with a date of August 24, 2023 as the next scheduled auction date, but that no auction scheduled for that date in an effort to "instigate Plaintiff's payment," causing her to reach out to friends and family in an effort to get a loan (2AC, Count III, ¶ 14). First and foremost, any statement made by Life Storage regarding an auction date in the future cannot form the basis for an action for common law fraud; therefore, Count III must be

dismissed. "Illinois law is clear that a misrepresentation as to a future promise or intent will not sustain an action for fraud." *Haught v. Motorola Mobility, Inc*., 2012 U.S. Dist. LEXIS 119575 * 16 (N.D. Ill. 2012) citing *Sommer v. United Savings Life Ins. Co*., 128 Ill. App. 3d 808, 813 (2nd Dist. 1984). Furthermore, Plaintiff failed to allege when this statement was made, other than a vague allegation that it was made in the summer of 2023. She fails to allege how the statement was made to her. She fails to allege that the branch manager knew that the statement was false when made. Finally, Plaintiff fails to allege that she sustained any actual damages in reliance on the statement (Plaintiff alleges only that the statement caused her to reach out to family and friends in an effort to get a loan).

As Plaintiff fails to properly plead the essential elements of common law fraud and fails to plead with the particularity required under Rule 9(b), Counts I through III of Plaintiff's Second Amended Complaint should be dismissed with prejudice.

### IV. CONCLUSION

For each of the reasons stated above, this Court should dismiss Plaintiff's Second Amended Complaint. As this is the third attempt by Plaintiff to plead any valid cause of action in this matter, Extra Space requests that the dismissal be with prejudice.

Dated: July 16, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Corinne L. Conrad*_____
Corinne L. Conrad
161 N. Clark St., Suite 4500
Chicago, IL 60601
T: (312) 821-7578
F: (312) 704-0550
corinne.conrad@wilsonelser.com
ARDC No. 6286836
*Counsel for Defendant Extra Space Storage, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2025, I caused a true and correct copy of the foregoing **Memorandum in Support of Extra Space Storage, Inc.'s Motion to Dismiss** to be filed through the Court's CM/ECF System and served the below *pro se* Plaintiff via electronic mail:

> Debra Sauer
> 2735 N. Clark St., #102
> Chicago, IL 60614
> T: (224) 518-0066
> quidproquo29@gmail.com

>> */s/ Corinne L. Conrad*_____
>> Corinne L. Conrad