**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBRA SAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:23-cv-15645 |
| | ) | |
| EXTRA SPACE STORAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT EXTRA SPACE STORAGE, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED**
**COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE**
**12(b)(6) and 9(b)**

Defendant Extra Space Storage, Inc. ("Extra Space") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Fourth Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and 9(b) for failure to plead claims sounding in fraud with requisite particularity.

## I. INTRODUCTION[1]

Plaintiff's Fourth Amended Complaint alleges a single count of common-law fraud under Illinois law against Extra Space. (Doc. 129). After five attempts to plead a viable claim, Plaintiff still has not, and cannot, satisfy the heightened pleading requirements of Rule 9(b) or state a plausible cause of action for common-law fraud.

In her Fourth Amended Complaint, Plaintiff alleges that in the summer of 2023, branch manager, Gladys Mar Sosa, "provided to the Plaintiff an auction date on August 24th (2023) which

---

[1] The allegations of the Fourth Amended Complaint are taken as true solely for purposes of this motion. Defendant reserves all rights on these matters should this case proceed.

was fraud upon the Plaintiff, **since no auction was ever actually scheduled for that date**." (*Id.*, ¶ 6, emphasis original). Plaintiff alleges that this "fraud" caused her to reach out to friends and family in an effort to get a loan and was a "ruse" "in an effort to induce Plaintiff's past due payment." (*Id.*, ¶ 8).

The alleged fraud rests on a single alleged telephone statement attributed to an Extra Space branch manager, yet Plaintiff admits she does not know the date of the call, does not plead the specific words used, and does not allege nonconclusory facts showing that the speaker knew the statement was false or intended Plaintiff to act on it. Her alleged damages – embarrassment from asking relatives for a loan, a $10.00 payment to a passing motorist in a rainstorm, time spent at a phone store, etc. – are not recoverable damages and are too attenuated from the alleged misrepresentation to establish proximate cause.

As this is Plaintiff's *fifth* attempt to state a cause of action, dismissal of Plaintiff's Fourth Amended Complaint with prejudice is warranted.

II. **LEGAL STANDARD**

A. **Federal Rule of Civil Procedure 12(b)(6)**

In ruling on a Rule 12(b)(6) motion to dismiss, a court is to draw all reasonable inferences in the plaintiff's favor, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff must include allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part, *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555 (2007)); *see also, Appert,* 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) (internal quotations omitted).

### B. Federal Rule of Civil Procedure 9(b)

Rule 9(b) imposes a higher pleading standard than that required under Rule 8. *See Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736-37 (7th Cir. 2014). A plaintiff alleging claims sounding in fraud "must state with particularity the circumstances constituting [that] fraud." Fed. R. Civ. P. 9(b). The Seventh Circuit has held that Rule 9(b) "requires describing the 'who, what, when, where, and how' of the fraud." *Camasta*, at 737. "[T]he particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

## III. ARGUMENT

In her Fourth Amended Complaint, Plaintiff fails to allege the requisite elements of common law fraud under Illinois law. Further, she fails to plead with particularity in compliance with Rule 9(b)'s heightened pleading requirements. Rule 9(b) requires a plaintiff alleging fraud to plead the "who, what, when, where, and how" of the misrepresentation. *Pirelli*, 631 F.3d, at 441. Plaintiff's Fourth Amended Complaint again falls far short of this requirement.

To properly plead a cause of action for fraud under Illinois law, Plaintiff must allege the following elements: (1) a false statement of material fact; (2) that the party making the statement knew or believed the statement to be untrue when it was made; (3) that the party to whom the

statement was made had a right to rely on it and did so; (4) that the statement was made for the purpose of inducing the other party to act; and (5) that reliance by the person to whom the statement was made caused actual damages. *Redarowicz v. Ohlendorf*, 92 Ill. 2d 171, 185-86 (1982); *Fifth Third Morg. Co. v. Kaufman*, 934 F.3d 585, 588 (7th Cir. 2019). Under Rule 9(b), Plaintiff is required "to state 'the identity of the person making the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff,'" the "'who, what, when and where' of the alleged fraud." *Karpowicz v. GMC*, 1997 U.S. Dist. LEXIS 7478 * 10 (N.D. Ill. 1997), quoting *Uni\*Quality, Inc. v. Infotronix, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

In her Fourth Amended Complaint, Plaintiff alleges that "in the summer of 2023," a branch manager provided her with a date of August 24, 2023 as the next scheduled auction date, but that "no auction was ever actually scheduled for that date." (Doc. 129, ¶ 6).

First and foremost, any statement made regarding an auction date in the future cannot form the basis for an action for common law fraud; therefore, Count I must be dismissed. "Illinois law is clear that a misrepresentation as to a future promise or intent will not sustain an action for fraud." *Haught v. Motorola Mobility, Inc.*, 2012 U.S. Dist. LEXIS 119575 * 16 (N.D. Ill. 2012) citing *Sommer v. United Savings Life Ins. Co.*, 128 Ill. App. 3d 808, 813 (2nd Dist. 1984); *Chatham Surgicore, Ltd. v. Health Care Serv. Corp.*, 356 Ill. App. 3d 795, 805 (1st Dist. 2005) ("[P]romises of future conduct, even if made without a present intention to perform, do not constitute fraud.").

Notwithstanding the above, Plaintiff fails to plead the necessary elements of common law fraud with particularity. Plaintiff admits that she does not know the date of the alleged fraudulent statement. (Doc. 129, ¶ 6). She estimates that the telephone call was "within 30 to 20 days prior to August 24th, 2023," which is insufficient to meet the particularity standard. (*Id.*, ¶ 7). While

Plaintiff alleges that the alleged statement occurred over the telephone, she does not allege where she was when the call occurred, who placed the call to whom, the phone number(s) used, or any other circumstantial detail that would fix the alleged event in time and space. Plaintiff does not plead the specific words Ms. Sosa allegedly used. Instead, she paraphrases the alleged statement in conclusory terms – that Ms. Sosa told Plaintiff that the next scheduled auction date was August 24, 2023 – without alleging the precise content of the communication or the context in which it was delivered. All of the above illustrate Plaintiff's continued failure to plead the essential elements of common law fraud with particularity. *See Camasta*, at 737-738 (dismissal warranted where the circumstances of the alleged fraud are not pleaded with sufficient particularity).

Further, Plaintiff does not plead particularized, nonconclusory facts supporting the inference that Ms. Sosa knew or believed the statement was false when allegedly made or that Ms. Sosa intended to deceive Plaintiff for her to act to her detriment. Her Fourth Amended Complaint merely asserts that Ms. Sosa "did deliberately and fraudulently misinform her" "in an effort to induce Plaintiff's past due payment." (Doc. 129, ¶¶ 6, 8). Legal conclusions couched as factual allegations are not entitled to the presumption of truth and are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S., at 678.

Plaintiff's Fourth Amended Complaint does not allege that Plaintiff paid any amount to Extra Space, surrendered her property, or took any action directly vis-à-vis Extra Space in reliance on the alleged statement. Instead, Plaintiff alleges that she independently sought loans from family and friends, traveled to a relative's home, paid a passerby $10.00 in exchange for a ride during a rainstorm, visited a phone store, and engaged a professional bidder to search for the auction online, causing her "significant time, emotional distress, and pecuniary damages" for which Plaintiff seeks

damages in excess of $100,000, attorney's fees and costs, and punitive damages. (Doc. 129, ¶¶ 8-11, prayer for relief).

To sustain a cause of action for common law fraud, Illinois law ***requires*** that ***actual*** damages result from Plaintiff's reliance on the alleged misrepresentation. *Redarowicz*, at 183. "Damages for fraud must be pecuniary in nature…" *Kim v. State Farm Mut. Auto. Ins. Co*., 2021 IL App (1st) 200135, ¶ 43 (June 30, 2021). Illinois does not recognize the "time value of money" theory of damages. *Id*., at 42. Furthermore, "damages for solely emotional harm are not recoverable in an action for fraud." *Weidner v. Karlin*, 402 Ill. App. 3d 1084, 1088 (3rd Dist. 2010).

Plaintiff's alleged damages for time spent and emotional distress are not recoverable in an action for common law fraud. Any other alleged damages, including Plaintiff's alleged payment of $10.00 to a motorist for a ride during a rainstorm on her way to her cousin's home, are too attenuated from the alleged statement to be considered proximately caused by it, as none of these independent, self-directed actions constitute actual damages resulting from justifiable reliance on the alleged misrepresentation.

As Plaintiff fails to properly plead the essential elements of common law fraud and fails to plead with the particularity required under Rule 9(b), Plaintiff's Fourth Amended Complaint should be dismissed with prejudice.

## IV.     CONCLUSION

For each of the reasons stated above, this Court should dismiss Plaintiff's Fourth Amended Complaint against Extra Space with prejudice.  As this is the fifth attempt by Plaintiff to plead any valid cause of action in this matter, further amendment would be futile, and dismissal with prejudice is warranted.

Dated: July 8, 2026 **WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

*/s/ Corinne L. Conrad*
Corinne L. Conrad
161 N. Clark St., Suite 4500
Chicago, IL 60601
T: (312) 821-7578
F: (312) 704-0550
corinne.conrad@wilsonelser.com
ARDC No. 6286836
*Counsel for Defendant Extra Space Storage, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2026, I caused a true and correct copy of the foregoing **Memorandum in Support of Extra Space Storage, Inc.'s Motion to Dismiss Plaintiff's Fourth Amended Complaint** to be filed through the Court's CM/ECF System and served the below *pro se* Plaintiff via electronic mail:

Debra Sauer
2735 N. Clark St., #102
Chicago, IL 60614
T: (224) 518-0066
quidproquo29@gmail.com

*/s/ Corinne L. Conrad*_____
Corinne L. Conrad